UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.:

SARAH M. POLLOCK,

     Plaintiff,

v.

MIDLAND CREDIT MANAGEMENT, INC.,
and JOHN DOES 1-3

     Defendants.

_____/

## COMPLAINT
## JURY DEMAND

1.     Plaintiff alleges violation the Telephone Consumer Protection Act, 47 U.S.C §227, *et seq*. ("TCPA").

## JURISDICTION AND VENUE

2.     This Court has jurisdiction under 28 U.S.C. §1332. Venue in this District is proper because Plaintiff resides here and Defendant placed telephone calls into this District.

3.     This Court has diversity jurisdiction. The citizenship of the parties are diverse, Florida and California. Plaintiff alleges in excess of 50 violations of the TCPA. The TCPA provides for damages of up to $1,500 per violation. Accordingly, the amount is controversy is in excess of $75,000, and exceeds the threshold amount required to establish diversity jurisdiction.

## PARTIES

4.      Plaintiff, SARAH M. POLLOCK, is a natural person, and citizen of the State of Florida, residing in Broward County, Florida.

5.      Defendant, MIDLAND CREDIT MANAGEMENT, INC. ("MIDLAND"), is a corporation and citizen of the State of California with its principal place of business at Suite 200, 8875 Aero Drive, San Diego, California 92123.

6.      Defendants, JOHN DOES 1-3, are all other parties that have placed calls to Plaintiff's cellular telephone on behalf of MIDLAND. Plaintiff is presently unaware of the names of these individuals, and will obtain them through discovery and amend her Complaint accordingly.

7.      Because MIDLAND is the current creditor on whose behalf JOHN DOES 1-3 placed the calls, it is vicariously liable to Plaintiff with respect to the alleged violations of the TCPA. The Federal Communications Commission has held: "Similarly, a creditor on whose behalf an autodialed or prerecorded message call is made to a wireless number bears the responsibility for any violation of the Commission's rules." FCC, IN THE MATTER OF RULES AND REGULATIONS IMPLEMENTING THE TELEPHONE CONSUMER PROTECTION ACT OF 1991: REQUEST OF ACA INTERNATIONAL FOR

CLARIFICATION AND DECLARATORY RULING, 07-232, ¶10, (2007), ("FCC RUL. 07-232").

## **FACTUAL ALLEGATIONS**

8.  For many months Defendant, MIDLAND, has been placing calls to Plaintiff's cellular telephone. On occasion there had been more than one call per day, the total number of calls exceeds 50.

9.  Defendant, MIDLAND, and or John Does 1-3 acting on its behalf, used an automatic telephone dialing system or a pre-recorded or artificial voice to place telephone calls to Plaintiff's cellular telephone.

10. None of Defendants' telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C § 227 (b)(1)(A)(iii).

## **COUNT I**
## **VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT**

11. Plaintiff incorporates Paragraphs 1 through 10.

12. Defendant, MIDLAND, and or John Does 1-3 acting on its behalf, placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice in violation of 47 U.S.C § 227 (b)(1)(A)(iii).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants, MIDLAND CREDIT MANAGEMENT, INC. and JOHN DOES 1-3 for:

a.      Damages;

b.      a declaration that Defendants' calls violate the TCPA;

c.      a permanent injunction prohibiting Defendant from placing non-emergency calls to the cellular telephone of Plaintiff using an automatic telephone dialing system or pre-recorded or artificial voice of the called party; and

d.      Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

DONALD A. YARBROUGH, ESQ.
Attorney for Plaintiff
Post Office Box 11842
Ft. Lauderdale, FL 33339
Telephone: 954-537-2000
Facsimile: 954-566-2235
donyarbrough@mindspring.com


By: s/ Donald A. Yarbrough
     Donald A. Yarbrough, Esq.
     Florida Bar No. 0158658